NINLLIAT, DEMANDANTE-APELADO Y RECURRIDO, *v.* SURIÑACH ET AL., DEMANDADOS-APELANTES Y PETICIONARIOS.

SOLICITUD para que se permita a los apelantes probar una excepción.

No. 20.—Resuelto en mayo 25, 1917.

PLIEGO DE EXCEPCIONES—PETICIÓN PARA QUE SE APRUEBE UNA EXCEPCIÓN—PRUEBA CONTRADICTORIA.—El juez inferior al aprobar el pliego de excepciones ordenó la eliminación de los motivos o fundamentos que consignaron los apelantes para sostener una excepción a la resolución declarando sin lugar una moción de *nonsuit,* y, basándose dichos apelantes en los artículos 218 del Código de Enjuiciamiento Civil y 64 del Reglamento del Tribunal Supremo, presentaron una petición para que se les permitiera probar la excepción, tal como fué consignada en el pliego. La evidencia es contradictoria en cuanto a si los apelantes en el acto de la vista especificaron o no dichos fundamentos, y *se resolvió:* que no habiéndose demostrado que el juez al ordenar la eliminación actuara movido por pasión, prejuicio o parcialidad o que cometiera error manifiesto, debe prevalecer su juicio y el pliego de excepciones quedar en la forma en que fué por él aprobado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel Arroyo Rivera.*

Abogado del recurrido-apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de Mayagüez en favor del demandante, los demandados interpusieron contra ella recurso de apelación para ante este Tribunal Supremo, y a los efectos del mismo archivaron un pliego de excepciones que fué aprobado por la corte de distrito el 26

de abril de 1917, pero ordenando la eliminación de los cinco motivos o fundamentos que se consignaron para sostener la excepción de los apelantes a la orden de la corte declarando sin lugar su moción de *non suit.* Los apelantes entonces, basándose en el artículo 218 del Código de Enjuiciamiento Civil y en la sección 64 del Reglamento de esta Corte Suprema, han pedido a esta corte que apruebe la excepción tal como fué consignada en el pliego. La moción de los apelantes viene acompañada de dos *affidavits* y de una certificación expedida por el secretario de la corte de distrito y se notificó a la parte contraria y al juez sentenciador. La parte contraria se opuso, presentando dos *affidavits* para sostener su oposición.

Los apelantes alegan que la corte se negó a aprobar la excepción en la forma propuesta por ellos "por no recordar con exactitud si dichos fundamentos a la excepción 5ª. fueron o no tomados en el juicio," y en sus *affidavits* sostienen que al presentar su moción de *non suit,* alegaron los cinco fundamentos que se consignan en el pliego de excepciones presentado. El apelado sostiene en los *affidavits* acompañados a su moción de oposición, lo que sigue: *Affidavit* del taquígrafo de la corte: "que el Lcdo. José Sabater, abogado del demandante en este caso, me ha mostrado la solicitud para que se permita a los apelantes probar una excepción, que ha presentado el Lcdo. Angel Arroyo ante la Corte Suprema de Puerto Rico y he leído en la segunda página de dicha solicitud, los fundamentos en que dice se basa la quinta excepción o sea la moción de *non suit* y declaro que tales fundamentos no se hicieron constar en dichas notas taquigráficas, ni tampoco, según mi mejor recuerdo, se hicieron por dicho abogado y que yo no los tomara, pues de haberse expuesto dichos fundamentos en el acto de la vista del caso, indudablemente hubieran constado en mis notas," y *affidavit* del letrado Sabater: "Que tales fundamentos según su mejor creencia y recuerdo no se hicieron en el acto de la vista y que dicho abogado tuvo tiempo amplio para haberlos presentado por escrito, sin que lo hiciera; * * * Que ex-

plorado el recuerdo del Hon. Charles E. Foote, sobre los fundamentos de dicha moción de *non suit,* por el abogado exponente, dicho Hon. Juez manifestó a este abogado que tampoco cree que se pusieran dichos fundamentos según constan en el pliego de excepciones.''

Bajo tales circunstancias, siendo contradictoria la evidencia y no habiéndose demostrado que el juez de distrito actuara movido por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto, debe prevalecer su juicio y el pliego de excepciones quedar en la forma en que fué por él aprobado.

Un caso parecido fué resuelto en el sentido indicado por la Corte Suprema de California: *In Re Howard,* 108 Cal 31. En él el Juez Garoutte al emitir la opinión de la corte, se expresó así:

''El presente es un procedimiento original, instituído bajo el artículo 1174 del Código Penal, con el fin de probar una excepción. De acuerdo con la petición, el demandado, Howard, estaba siendo juzgado por un delito de asesinato, y durante la argumentación final el Fiscal auxiliar del distrito empleó, dirigiéndose al jurado, cierto lenguaje que se alega no estar justificado por la prueba y ser seriamente perjudicial a los derechos del demandado, y al cual se hizo objeción en tiempo, tomándose excepción. Este supuesto lenguaje, la objeción al mismo y la excepción fueron incorporados al proyecto de pliego de excepciones del demandado para ser usado en apelación, y el pliego en esa forma fué presentado al juez para su aprobación, pero el juez se negó a aprobarlo tal como fué presentado, y eliminó del mismo el supuesto lenguaje del Fiscal, y la excepción al mismo, bajo el fundamento de que el Fiscal no empleó tal lenguaje durante la argumentación, y entonces aprobó el pliego. Al ser radicada la presente petición esta corte ordenó fuera trasmitida a un comisionado para que oyera la evidencia en cuanto a la verdad de las alegaciones de la petición relativas al lenguaje que se alegaba haber sido usado. El comisionado oyó la prueba y ha informado sobre la misma en su totalidad a esta corte sin expresar conclusiones en cuanto al hecho elemental.

''De un examen de la prueba traída ante nosotros resulta que existe un conflicto evidente e irreconciliable en cuanto a si el len-

guaje a que se refiere la petición fué empleado o nó por el Fiscal al dirigirse al jurado. Bajo tales circunstancias la acción de la corte inferior al aprobar el pliego de excepciones tal como fué aprobado debe ser mantenida.

"Por las razones anteriores se deniega la solicitud del peticionario."

Otras interesantes cuestiones fueron suscitadas al discutirse este caso, pero, habiendo llegado a la anterior conclusión, es innecesario estudiarlas, y menos resolverlas.

Debe declararse no haber lugar a lo solicitado por los apelantes.

*Sin lugar la petición.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.